```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                   CASE NO: 2:05-cr-119-FtM-29DNF

FIDEL GONZALEZ
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant's Request/Motion for Reduction of the Defendents [sic] Drug Quantity Level and Sentence Under Drugs Minus Two Act of 2014 (Doc. #269) filed on May 19, 2014.

Under Title 18, United States Code, Section 3582, the Court may modify or reduce a term of imprisonment after it is imposed:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2). The Court may also reduce a sentence based upon a subsequently enacted amendment, "if the Sentencing Commission has made the amendment retroactively applicable by listing the amendment in U.S.S.G. § 1B1.10(c)."

United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). See also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003)(adopting the bright-line rule that amendments may be retroactively applied "*solely*" if expressly listed under 1B1.10(c)). Defendant bears the burden of demonstrating that a retroactive Amendment has lowered his guideline range. Id.; United States v. Tellis, No. 12-12596, ___ F.3d ___, 2014 WL 1509560, *3 (11th Cir. Apr. 18, 2014).

On April 30, 2014, the United States Sentencing Commission submitted proposed Amendments to the Sentencing Guidelines to Congress. Public comment is being received through July 7, 2014, including on the issue of retroactivity.[1] The Commission has specified an effective date of November 1, 2014, for Amendment 3 but Amendment 3 is not yet listed in the United States Sentencing Guidelines Manual § 1B1.10. See 79 Fed. Reg. 25996-02 (May 6, 2014). Therefore, as of the date of this Order, Amendment 3 does not provide a basis for resentencing.

Accordingly, it is hereby

**ORDERED:**

Defendant's Request/Motion for Reduction of the Defendents [sic] Drug Quantity Level and Sentence Under Drugs Minus Two Act

---

[1] See http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140430_RF_Amendments.pdf.

of 2014 (Doc. #269) is **DENIED without prejudice** to reasserting on or after November 1, 2014.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of May, 2014.

                                                      JOHN E. STEELE
                                                      UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record
U.S. Probation